IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT G. STRAUB,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF MAUI; DIRECTOR TEENA RASMUSSEN,<br><br>            Defendants. | CIV. NO. 17-00516 JMS-RLP<br><br>ORDER GRANTING DEFENDANT COUNTY OF MAUI'S MOTION FOR RECONSIDERATION, ECF NO. 114 |

## **ORDER GRANTING DEFENDANT COUNTY OF MAUI'S MOTION FOR RECONSIDERATION, ECF NO. 114**

## **I. INTRODUCTION AND BACKGROUND**

Plaintiff Robert Straub ("Straub") brought this suit against Defendants County of Maui and Teena Rasmussen (collectively, "Defendants") relating to his termination in 2017. On October 10, 2019, the court issued its amended[1] summary judgment order (1) granting in part and denying in part Defendants' motion for summary judgment, and (2) denying Plaintiff's counter motion for partial summary judgment (hereinafter "Summary Judgment Order"). The court granted

---

[1] The court issued its original order on September 24, 2019. *See* ECF No. 109. Defendants sought clarification as to count IV of the court's ruling, unrelated to the Motion for Reconsideration now. *See* ECF No. 110. Accordingly, the court amended its order to clarify that summary judgment is granted as to count IV for Defendants. *See* ECF No. 111.

Defendants' motion for summary judgment as to all counts except counts II (the claim for a Family Medical Leave Act ("FMLA") violation based on retaliation) and III (the claim for a violation of the Americans with Disabilities Act ("ADA") based on association discrimination), both of which are against Defendant County of Maui only. ECF No. 111.

In reaching its decision in the Summary Judgment Order, the court discussed three leave applications submitted by Plaintiff—one in 2015 and two in 2016 for FMLA leave taken in 2015, 2016, and 2017, respectively. *See id.* at PageID #2438-39. The court found that there was no genuine issue of material fact that the two applications submitted in 2016 for leave taken in 2016 and 2017 were falsified. *Id.* Based on such finding, the court granted Defendants' motion for summary judgment as to count I (the FMLA interference claim) because "Straub is not protected from termination arising from his taking of that leave [based on false certifications]." *Id.* at PageID #2444-45. The court also found that the false 2016 certifications for the 2016 and 2017 FMLA leave could not support Plaintiff's FMLA retaliation claim (count II), *id.* at PageID #2445-48, but nevertheless denied Defendants' motion for summary judgment as to count II because it found that Plaintiff's 2015 FMLA leave was still a basis to pursue the claim. *Id.* at PageID #2449.

2

On October 24, 2019, Defendant County of Maui filed this instant Motion for Reconsideration of the Summary Judgment Order. ECF No. 114. Specifically, County of Maui seeks reconsideration on a narrow issue—that the court reconsider its ruling denying Defendants' motion for summary judgment as to count II because the dispositive fact and theory which the court relied on—the 2015 FMLA leave—was not pled in Plaintiff's First Amended Complaint ("FAC") nor relied upon by Plaintiff in his summary judgment papers. *See* ECF No. 114. Pursuant to the court's order and Local Rule 60.1, ECF No. 117, Plaintiff filed his Opposition to the Motion on November 13, 2019.

Based on the following, the court hereby GRANTS County of Maui's Motion for Reconsideration.

## II. **STANDARD OF REVIEW**

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

//

//

Under Local Rule 60.1, only three grounds justify reconsideration: (a) the discovery of new material facts not previously available; (b) an intervening change in law; and/or (c) the need to correct manifest error of law or fact. *See, e.g., also White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Id.* Furthermore, reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White*, 424 F. Supp. 2d at 1274 (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

### III. **DISCUSSION**

Defendant County of Maui now seeks reconsideration as to count II, arguing there was a manifest error of fact in that Plaintiff never pled the 2015 FMLA leave as the basis for retaliation, and in fact the 2015 FMLA leave was raised in the first instance by *Defendants* to provide context in their summary judgment motion and was *not* a theory pursued by Plaintiff in his summary judgment opposition. *See* Mot. at 4-7, ECF No. 114-1 at PageID #2477-80.

4

Accordingly, County of Maui argues, summary judgment should be granted for it as to count II. The court agrees.

Plaintiff responds and argues that the Motion should be denied because the FAC never specifies the leave period and argues that "the [C]harge [of Discrimination] does not say . . . that Straub was complaining of discrimination for only his 2017 period of FMLA leave." Opp'n at 3, ECF No. 122 at PageID #2536. Thus, Plaintiff argues, such theory of retaliation based on FMLA leave includes the 2015 FMLA leave. The court disagrees. Plaintiff's FAC (and original complaint) alleges that the action was brought for violation of the FMLA, wherein "he was terminated 4 days after returning from FMLA leave to care for his wife." FAC ¶¶ 1, 14, ECF No. 8 at PageID #15-16, 17; *see also* ECF No. 1 at PageID #1, 3 (same). Although no date was specified, a plain reading of the Charge of Discrimination ("COD") Plaintiff filed with the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission, and on which Plaintiff relies here, unambiguously shows that such reference of FMLA leave in the FAC was with regards to his leave in 2017. *See* ECF No. 94-30.

Specifically, the COD says that "[o]n January 22, 2017, [Plaintiff] returned to work from FMLA leave, which [he] used to care for [his] disabled wife. On January 27, 2017, without forewarning, [Defendant] notified [him] that [he] would be discharged on January 31, 2017." *Id.* Thus, without a doubt, the

5

leave Plaintiff was referring to in his FAC (and COD) was his 2017 leave, the leave he took before he was terminated "4 days" later. *See also* Opp'n to Defs.' Motion for Summary Judgment at 1, ECF No. 101-1 at PageID #1926 (noting that he took leave in December 2016 and January 2017, and "[f]our days after his return" was "terminated . . . in retaliation for taking the leave"). Contrary to Plaintiff's assertions now, there is no reference in the FAC of retaliation based on multiple leaves, or any suggestion that there was more than one leave at issue to give rise to any inference that the 2015 leave could have possibly been included in his theory of FMLA retaliation.

In short, the 2015 leave was not pled in the FAC, nor, was it even a theory pursued by Plaintiff during summary judgment, and thus, not a proper basis for the court to have considered at summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291-92 (9th Cir. 2000) (affirming district court's dismissal of claims premised on a new theory raised at summary judgment and not pled in the complaint); *Alvandi v. Fidelity Capital Holdings, Inc.*, 677 F. App'x 343, 344 (9th Cir. 2017) (same); *Patel v. City of Long Beach*, 564 F. App'x 881, 882 (9th Cir. 2014).

Plaintiff also argues that County of Maui's Motion should be denied because it would not be prejudiced at trial as it had sought discovery relating to the 2015 FMLA leave and was already on notice of the existence of such leave. Opp'n

at 4-6, ECF No. 121 at PageID #2537-39.  This fails.  Plaintiff conflates notice of the existence of such 2015 FMLA leave with notice that Plaintiff intends to proceed on a theory that County of Maui purportedly retaliated against Plaintiff because of such 2015 leave—the latter of which County of Maui had no notice of.  County of Maui would be prejudiced if it were now expected to defend against a theory at trial which it did not know Plaintiff was pursuing (and indeed was not even pursuing at summary judgment), and thus, did not have the opportunity to develop evidence for in preparation of such defense as to this theory (or an opportunity to argue at summary judgment).  *See Coleman*, 232 F.3d at 1295.

Thus, because the 2015 leave was not pled by Plaintiff, and because his theory that he was retaliated against was based solely on FMLA leave he took in 2017 (which, as the court noted in its Summary Judgment Order, fails), the court's reliance on the 2015 leave was clear error.

//
//
//
//
//
//
//

## IV. CONCLUSION

Accordingly, the court hereby GRANTS County of Maui's Motion for Reconsideration and GRANTS Defendants' motion for summary judgment as to all of count II against County of Maui.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 22, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Straub v. Cty. of Maui, et al.*, Civ No. 17-00516 JMS-RLP, Order Granting Defendant County of Maui's Motion for Reconsideration, ECF No. 114.